GEORGE W. MAGUIRE, CHIEF INSPECTOR, WHO SUES, &c., DEFENDANT IN CERTIORARI, v. JACOB GOLDBERGER, PLAINTIFF IN CERTIORARI.

Argued February 17, 1904—Decided June 13, 1904.

Where a judgment has been rendered in a District Court for a penalty imposed by the Oleomargarine act (*Pamph. L.* 1886, *p.* 107; *Gen. Stat., p.* 1166), and there is open to the defendant the remedy by appeal under section 13 of said act to the Court of Quarter Sessions of the county, and also by a writ of *certiorari* to this court, and he elects to pursue the remedy by an appeal which is afterwards dismissed for want of prosecution, the remedy by *certiorari* is no longer available.

On *certiorari* to the District Court of the city of Perth Amboy.

Before Justices HENDRICKSON and PITNEY.

For the plaintiff in *certiorari*, James S. Wight.

For the defendant in *certiorari*, William A. Coddington.

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up for review the judgment and proceedings of the District Court of the city of Perth Amboy, in the county of Middlesex, in an action brought against the plaintiff in *certiorari* by George W. Maguire, chief inspector, who sues for the use of the state of New Jersey, on complaint for violation of section 4 of the Oleomargarine act, approved March 22d, 1886. *Pamph. L., p.* 107; *Gen. Stat., p.* 1167. The charge contained in the complaint was the sale of "a substance in imitation or semblance of natural butter at retail, &c., without first informing the complainant, the purchaser thereof, that the same was not natural butter but was imitation butter," &c., as required by the fourth section of said act. The case came on regularly for trial in the presence of the parties, and after the prosecutor rested his case, the defendant not offering any testimony, the court gave judgment for the prosecutor in the sum of $100, being the penalty fixed by the statute for the first offence thereunder.

The plaintiff in *certiorari* has assigned a number of reasons for the reversal of this judgment, which are unnecessary to be considered by us since the prosecutor below has pointed out what seems to us to be a bar to the proceedings here. The return shows that in due time, after the judgment was rendered, plaintiff in *certiorari* took an appeal from the judgment of the District Court to the Court of Quarter Sessions of the county, &c., by filing a notice thereof in writing in said court, pursuant to section 13 of said act. The return further shows that the appellant failed to appear and

prosecute his appeal in the Middlesex Quarter Sessions agreeably to law, and that the same was by that court ordered to be dismissed, with costs. Afterwards this *certiorari* was allowed. We are asked to dismiss this writ under the circumstances herein stated. It is apparent that the plaintiff in *certiorari* was entitled to review these proceedings either by appeal to the Quarter Sessions or by writ of *certiorari* in the Supreme Court. But having made his election to pursue his remedy by appeal to the Court of Quarter Sessions, which was there dismissed for want of prosecution, the other remedy by *certiorari* is not now available. *Furman* v. *Motley,* 38 *Vroom* 174; *Illingworth* v. *Rich,* 29 *Id.* 507. We think the principle stated in the cases here cited is sound, and the result is that the writ of *certiorari* is dismissed, with costs.