**INDEPENDENT TAXI OWNERS ASSOCIATION. EDWIN NASH AND ARTHUR PLOTKA, PROSECUTORS, v. WILLIAM S. CUTHBERT, DIRECTOR OF PUBLIC SAFETY, MEREDITH B. KERSTETTER, ASSISTANT DIRECTOR OF PUBLIC SAFETY, AND ALBERT N. SHAHADI, DEFENDANTS.**

Argued February 14, 1947—Decided March 13, 1947.

For the prosecutors, *Louis B. LeDuc.*

For the defendants, *Leon Leonard.*

EASTWOOD, J. This is an application by the prosecutors, Independent Taxi Owners Association; Edwin Nash and Arthur Plotka (owners and operators of taxicabs) for the allowance of a writ of *certiorari* to review a certain police order numbered 790, made and issued under date of December 18th, 1946, by the defendant Meredith B. Kerstetter, Assistant Director of Public Safety of the City of Atlantic City.

The challenged order is addressed to all captains of the Atlantic City police force and relates to the subject of taxicab parking. The order in question *inter alia* orders and directs as follows:

"In accordance with this order, you should instruct all officers that if any taxicab is observed parked, and the officer sees cab pick up any passengers, the driver should be arrested immediately, and charged with violation of Ordinance No. 3." The order then continues, "If any cab is observed using parked space as a taxi stand, the driver should be arrested immediately."

Ordinance No. 3 referred to, provides for the registration, regulation, and governance of taxicabs, and the owners and drivers thereof; and the business of operating taxicabs; fixing license fees; and providing for penalties for the violation thereof. This court is now asked to allow its prerogative writ of *certiorari* to review order 790 on the grounds that order 790 is unlawful, in that it is being used as a planned and purposeful discrimination practiced by the two heads of the municipal Departments of Public Safety and of Parks and Public Property, and threatens the liberty of the prosecutors.

It may be observed, *in limine*, that no attack is made upon Ordinance No. 3 of the City of Atlantic City, nor is said ordinance an issue in this proceeding. All that is sought is a plenary review by *certiorari* of order 790. For aught that can be culled from the prosecutors' affidavits, there is no proof from which it can be determined whether or not the alleged conviction of certain members of the Independent Taxi Owners Association was proper in the light of the terms and provisions of Ordinance No. 3, regulating the taxicab business in Atlantic City. In view of the fact that Ordinance

No. 3 is not the subject of prosecutors' attack, I am not called upon to determine the legality of any arrests or convictions thereunder. The law provides appropriate remedies to test the legality or illegality thereof. As has oft been said, the writ of *certiorari* will not lie where there is another adequate and effective remedy, equally speedy. *Parker* v. *Point Pleasant*, 11 *N. J. Mis. R.* 535; 167 *Atl. Rep.* 217; *Maguire* v. *Goldberger*, 71 *N. J. L.* 173; 58 *Atl. Rep.* 167; *New Jersey Railroad, &c, Co.* v. *Suydam*, 17 *N. J. L.* 25.

If we were to assume that order 790 has legal efficacy, a threatened enforcement thereof is not reviewable by *certiorari*. In *Bill Posting Sign Co.* v. *Atlantic City*, 71 *N. J. L.* 72; 58 *Atl. Rep.* 342, Mr. Justice Van Syckel, speaking for the Supreme Court, in a *certiorari* proceeding to review an ordinance, summarized the rule as follows:

"It may be well to observe that if the ordinance was valid, and the infirmity was in the attempt to put it in force, *certiorari* would not be the appropriate remedy to restrain a mere threat to remove the sign." Order 790, at the most, is administrative and seeks to inform the subordinate police officers of the municipality, the conditions under which, and procedure by which, the parking regulations established by Ordinance No. 3 are to be enforced. There being no attack made upon the validity of Ordinance No. 3, it is not perceivable how this court can be asked to allow its prerogative writ to review a mere administrative order.

There is some suggestion in the proceedings that harm and irreparable injury will result to the prosecutors' taxicab business if order 790 is permitted to remain in force as administered by the municipal officials, and that this court should, therefore, prevent such injury by allowing *certiorari* to review its validity. To this contention, it is sufficient to say that this court is not the proper forum for such relief, there being no jurisdiction to restrain and prevent an anticipated wrong.

The application is, therefore, denied, with costs.